No. 13,201.

COLLINS *v.* THE PEOPLE.

(21 P. [2d] 1114)

Decided April 24, 1933.

Mr. J. H. RICHARD, Mr. GUY D. DUNCAN, for plaintiff in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. WALLACE S. PORTH, Assistant, for the people.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

PLAINTIFF in error, an attorney, was adjudged guilty of contempt, assessed with a fine and the costs of the cause, and in default of payment was ordered to be confined in the county jail for a period of thirty days.

The contempt proceeding was instituted by the district attorney by an information which charged that plaintiff

in error had knowingly made false statements in a petition for a writ of habeas corpus, which petition was prepared and sworn to and filed by plaintiff in error as attorney for one Henry.

A motion to quash the information and a demurrer attacking its sufficiency were overruled. An answer was filed and a trial had, during which evidence in support of and in answer to the charge was introduced.

Extended consideration of numerous assignments of error is rendered unnecessary by the fact the trial court found the plaintiff in error guilty solely and alone because of having incorporated in the petition, which petition was sworn to on information and belief, the allegation "that the petitioner is unlawfully imprisoned, confined and restrained of his liberty in the Colorado General Hospital in the City and County of Denver, State of Colorado."

The facts, and they are undisputed, are that Henry had been informed against on a felony charge. An attorney appointed by the court entered a plea of not guilty by reason of insanity, whereupon Henry was committed to said hospital for examination in accordance with the provisions of chapter 90, Laws 1927, page 296. Thereafter a friend of Henry who was requested to secure counsel, employed plaintiff in error, and leave was granted him by the court to appear in the cause. Plaintiff in error then sought permission of the hospital authorities to confer with Henry, and on such permission being denied, plaintiff in error instituted the habeas corpus proceeding.

It should be manifest without the citation of authorities that an attorney who inserts in an application for a writ of habeas corpus the usual, customary and time-honored allegation that petitioner is unlawfully restrained of his liberty, which is but the allegation of a legal conclusion, cannot be held guilty of contempt on that ground alone. Nor is the rule altered by the fact that, as here, the hearing upon the return resulted in a

judgment that the petitioner was lawfully restrained of his liberty. That is always the issue in a habeas corpus proceeding. It would be a dangerous innovation to hold otherwise, but the trial court having so held we find there was error.

The judgment is reversed, and it is ordered that the proceedings be dismissed and the plaintiff in error discharged.